### CHACON v. VELA et al.  (No. 8311.)

Court of Civil Appeals of Texas.  San Antonio.
Dec. 18, 1929.

Rehearing Denied Jan. 15, 1930.

Mann, Neel & Mann, of Laredo, for appellant.

M. J. Raymond, of Laredo, for appellees.

FLY, C. J. This suit was instituted by Juana Valdez Vela and husband, Florentino Vela, to recover of appellant the sum of $300, with interest thereon at the rate of 6 per cent. per annum from December 10, 1919, on which date the said Juana entered into a contract of purchase of lots 2, 3, and 4, in block No. 1109, in the Western division of the city of Laredo. Under the terms of the contract appellees were to pay $300 to appellant, and did pay the same, and received from appellant a quitclaim deed to the three lots. It was further alleged that Juana Valdez Vela could not read or write, and was an ignorant woman, not versed in business

transactions, and wholly relied upon the representation of appellant that he was the owner of the lots. Appellees alleged that they discovered the fraud of appellant, and ascertained that the lots were not the property of appellant, but were owned by the city of Laredo, which he well knew, because he had purchased the land from the city of Laredo in 1896, and, failing to pay the purchase money, on October 25, 1901, conveyed the lots to said city. The cause was submitted to a jury on special issues, and on the responses thereto judgment was rendered in favor of appellees for $300, with 6 per cent. interest thereon from June 8, 1929.

Juana Valdez Vela is an uneducated, ignorant Mexican woman, who does not read, write, or understand the English language, and she accepted as the truth the statement that appellant owned the lots, and accepted the quitclaim deed from him in perfect good faith, believing that he owned the lots and had given a deed conveying full title to the lots. She earned the money to pay for the lots by her manual labor. At the time appellant contracted with her to sell the lots, at the time when he appropriated her hard-earned money, and when he executed the quit-claim deed, he had no title whatever to the land and was fully cognizant of that fact. The lots were conveyed to him in 1896, by the city of Laredo, and, failing to pay for the land, in 1901, he reconveyed it to the city.

Eighteen years after the execution of the reconveyance of the land by appellant, he conveyed the same to Juana Valdez Vela for $300, and fraudulently appropriated the same, knowing that she was an ignorant and unsuspecting woman. He had been a friend of the woman before she married, and she relied on his good faith and honesty. He knew that he owned no interest in the land, as evidenced to some extent by giving a quit-claim deed to it. He claimed to have been in possession of the land, but at no time claimed adversely to the city. No one ever lived on the lots. Mrs. Vela did not learn that appellant had no right, title, or interest in the property until the year before this suit was instituted. The land was not fenced nor in possession of any one when she bought it. He told Mrs. Vela that he owned two of the lots, and his wife the other, which he had authority to sell. After discovering that the city of Laredo owned the property, Mrs. Vela purchased the lots from the city.

The facts show a clear case of deception and the overreaching of an ignorant woman by appellant, and she was under no obligation to endeavor to perfect a title by limitation in order to relieve him of the consequences of his fraud and deception. She did not desire to obtain the title of the city by limitation, in order to save appellant $300, of which he had deliberately defrauded her. Even if she had taken possession of the land and held it for a statutory period of limitation, so as to have title, that should not redound to the benefit of the man who had obtained her money by fraud and deception.

In a brief of 40 pages, in which 75 authorities are cited, appellant has treated this case as though it was one in which the vendor had in good faith sold land to which he had some legal or equitable claim, and that appellees had deprived him, by their actions, of the right to defend his title to the land by their unauthorized acts. Unfortunately for appellant, no such case is sustained by the facts. As supporting this conception of the basis of this appeal, the first assignment of error advances the theory, which is emphasized in the first, second, third and fourth propositions, which endeavor to place appellant in the attitude of an honest vendor, whose title to the land sold by him has failed on account of some defect in his title. Appellant had no title to the land, and it is useless to cite authority and argue about the duties of a vendee, when a paramount title to land is discovered. In all the cases cited the vendor had some equities to be protected, but in this case appellant had none.

Appellant also contends that appellees had acquired title under 5 years' limitation by virtue of his deed to Mrs. Vela, and 10 years' limitation by adverse holding. Appellant cannot successfully contend that he should be protected in his unlawful and fraudulent receiving and appropriation of funds by the very person who had been defrauded. Mrs. Vela owed no duty to him whatever. He had obtained her money, and had given nothing in return, and if she had perfected a title by limitation appellant is not in position to profit by it. The proof did not, however, show limitation for either 5 or ten years. Mrs. Vela never cultivated, used, or enjoyed the lots for any time whatever. She merely fenced them.

The ignorance of Mrs. Vela and her confidence in appellant was sufficient excuse for not discovering the fraud through a number of years. She acted promptly as soon as she discovered the fraud. The allegation and proof was sufficient to show that appellant got $300 of her money, for which she received nothing, and it would seem that was sufficient to entitle her to recover her money. The seventh proposition is overruled.

There is no merit whatever in the eighth, ninth, and tenth propositions, and they are overruled.

The judgment is affirmed.